**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOAN M. CICCHIELLO,<br><br>                  Plaintiff,<br><br>v.<br><br>SERVICE EMPLOYEES<br>INTERNATIONAL UNION, et al.,<br><br>                  Defendants. | CIVIL ACTION NO. 1:15-CV-02139<br><br>(JONES, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

Pending before the Court is *pro se* Plaintiff Joan M. Chicchiello's amended complaint seeking damages, injunctive, and declaratory relief against the Service Employees International Union ("SEIU"). (Doc. 14). As the lone count in her complaint, Cicchiello alleges that the SEIU breached its duty of fair representation. (Doc. 14, ¶¶ 15, 21-31). For the reasons stated herein, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

On November 9, 2015, Cicchiello filed the original complaint in this matter (Doc. 1), along with a motion to proceed *in forma pauperis* (Doc. 4), a motion to enforce what she considers to be the terms of a settlement agreement (Doc. 2), and a motion for sanctions and punitive damages (Doc. 3).[1] Cicchiello filed an amended complaint as a matter of course

---

[1] The Court grants Plaintiff's motion to proceed *in forma pauperis* in a separate order filed concurrently with this Report and Recommendation. In addition to the November 9, 2015 filings, Cicchiello subsequently filed additional duplicative motions to enforce the settlement agreement (Doc. 11) and for sanctions and punitive damages (Doc. 16), as well

*(footnote continued on next page)*

pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure on January 20, 2016. (Doc. 14).

The facts that form the basis of Cicchiello's claim have already been litigated extensively in both federal and state court. [2] Cicchiello's amended complaint now pending before this Court asserts no new facts to differentiate it from the earlier cases she has filed. (Doc. 14). The Court therefore adopts the factual background as laid out in a previous Report and Recommendation by the undersigned United States Magistrate Judge pertaining to one of Cicchiello's earlier cases:

> Plaintiff alleges that in October of 2006, Plaintiff was "walked off" the premises at SCI-Frackville, where she was employed as a [Pennsylvania Department of Corrections ("DOC")] nurse. A few months later, in January of 2007, Plaintiff's employment with the DOC was terminated. Plaintiff alleges that she was fired in retaliation for serving as a representative for SEIU District 1199P.
>
> After her termination, Plaintiff filed a grievance through the SEIU. In October of 2012, after several years of negotiations, this grievance was resolved by a settlement agreement entered into by Defendants Tellado and Holmes (the "First Settlement Agreement"). Two months later, the First

---

as two motions for summary judgment (Doc. 10; Doc. 15). Each of these additional pending motions will be addressed in this Report and Recommendation.

[2] Cicchiello's amended complaint and attached exhibits provide some background information regarding these litigation efforts, but other details are omitted. In addition to the amended complaint, the Court has considered the judicial opinions and orders entered in the state and federal proceedings initiated by Cicchiello. *See generally Cicchiello v. SEIU 1199P Union*, No. 1:15-cv-01682 (M.D. Pa. Mar. 8, 2016); *Cicchiello v. Wetzel*, No. 1:15-cv-01201 (M.D. Pa. Feb 2, 2016); *Cicchiello v. Beard*, 726 F. Supp. 2d 522 (M.D. Pa. 2010), *aff'd sub nom. Cicchiello v. Sec'y Pa. Dep't of Corr.*, 458 F. App'x 117 (3d Cir. 2012); *Cicchiello v. Dep't of Corr.*, No. 83 C.D. 2015, 2015 WL 5478333 (Pa. Commw. Ct. Aug. 5, 2015) (affirming December 29, 2014 Board of Claims order dismissing Cicchiello's complaint for lack of jurisdiction); *Cicchiello v, SEIU 1199P Union*, No. 361 MD 2015 (Pa. Commw. Ct. filed July 16, 2015). These are all matters of public record of which the Court may properly take judicial notice in ruling on a motion to dismiss. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

Settlement Agreement was supplanted by a new agreement that added Plaintiff as a party and signatory, but left the substantive provisions of the First Agreement intact (the "Second Settlement Agreement").

In February of 2013, the DOC rescinded the Second Settlement Agreement, stating that it could not fulfill its essential terms. Specifically, Paragraph 2 of the Second Settlement Agreement, "award[ing] Ms. Cicchiello whatever time was necessary for her to attain twenty-five years of service with the Commonwealth," was unenforceable because Pennsylvania law prohibits Commonwealth employees from receiving credit for service without making contributions to the State Employees' Retirement System. [S]*ee* 71 Pa. Cons. Stat. § 5302(a). Given that requirement, Paragraph 2 was inconsistent with Paragraph 3 of the Second Settlement Agreement, affording Plaintiff "one year's salary at her last prevailing wage," as one year's salary would only be a sufficient contribution to the State Employees' Retirement System to credit Plaintiff with fifteen years of service and neither party agreed to make contributions for the additional ten years of service. This illegal provision appears to have been inserted under the mistaken belief that Plaintiff needed twenty-five years of service in order to qualify for medical benefits, when in actuality she only needed fifteen. The DOC thus offered Plaintiff a new settlement agreement in February of 2013 that would credit her with the time needed to accrue fifteen years of service (the "Third Settlement Agreement"). It appears that Plaintiff refused to sign the Third Settlement Agreement, which maintains that Plaintiff is entitled to one year's salary, and accordingly adjusts her credited years of service down to fifteen.

In February of 2015, the DOC and the Union Defendants signed a new settlement agreement (the "Fourth Settlement Agreement"), which was substantially similar to the terms offered in the Third Settlement agreement, including the provisions that Plaintiff would be paid one year's salary and credited with fifteen years of service. Plaintiff did not sign the Fourth Settlement Agreement and disapproves of its terms. She still has yet to receive benefits from any of the settlement agreements.

Since the rescission of the Second Settlement Agreement in February of 2013, Plaintiff has brought litigation in multiple forums challenging the DOC's actions and seeking to enforce what she considers to be the terms of the Second Settlement Agreement. To date, however, those efforts have proved unsuccessful.

(*Cicchiello v. SEIU 1199P Union*, Case No. 1:15-cv-01682, Doc. 33, at 2-3 (citations and footnote omitted)).

In her amended complaint, Cicchiello asserts a single claim against the SEIU, which represented her throughout the negotiations with the DOC, arguing that the SEIU breached

its duty to fairly represent her by failing to enforce the terms of the Second Settlement Agreement against the DOC. (Doc. 14, ¶¶ 15, 23-24). The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915(e)(2) to screen the complaint and dismiss it if it fails to state a claim upon which relief can be granted.

## II. SECTION 1915 STANDARD

Under 28 U.S.C. § 1915, the Court is obligated, prior to service of process, to screen a civil complaint brought *in forma pauperis*. The Court must dismiss the complaint if it is frivolous or malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable

4

inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court of the United States held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

### III. DISCUSSION

In her complaint, Cicchiello asserts a lone claim against the SEIU for breach of the duty of fair representation. The doctrine of res judicata operates to bar this claim, as Cicchiello has already asserted virtually identical claims arising from the same underlying events against the SEIU, SEIU Local 1199P, and SEIU officials Kim Patterson and Wilfredo Tellado, in an action brought before this Court on June 18, 2015, which was denied on its merits due to lack of jurisdiction on February 2, 2016. (*Cicchiello v. Wetzel*, No. 1:15-cv-01201, Doc. 59). Indeed, among the claims raised in Cicchiello's amended complaint in Civil Action No. 1:15-cv-01201, she alleged a breach of the duty of fair representation arising from the rescission of the Second Settlement Agreement in February of 2013 against the SEIU—the lone remaining Defendant in the instant action—and its privies Local 1199P, Patterson, and Tellado. (*Cicchiello v. Wetzel*, No. 1:15-cv-01201, Doc. 13, ¶ 83). On February 2, 2016, Judge Jones adopted the undersigned's recommendation of dismissal of Cicchiello's amended complaint. (*Cicchiello v. Wetzel*, No. 1:15-cv-01201, Doc. 59).

The doctrine of res judicata provides that "a final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their

6

privities, and as to them constitutes an absolute bar to a subsequent action involving the same cause of action." *In re Weisbrod & Hess Corp.*, 129 F.2d 114, 116 (3d Cir. 1942). The "purpose of [the res judicata] doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications." *Turner v. Crawford Square Apartments III, L.P.,* 449 F.3d 542, 551 (3d Cir. 2006). Invocation of the doctrine of res judicata thus requires the presence of three conditions: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). In applying these factors to the matter *sub judice*, it is clear that Cicchiello is barred from asserting her breach of the duty of fair representation claim against the SEIU.[3]

First, Cicchiello's previous suit was subject to a final adjudication on the merits. Judge Jones, at the recommendation of the undersigned, dismissed Cicchiello's amended complaint with prejudice, with the defendants in that case, including the SEIU, prevailing on statute of limitations and res judicata grounds. (*Cicchiello v. Wetzel*, No. 1:15-cv-01201, Doc. 55; Doc. 59). Thus, the first *Lubrizol* criterion has been satisfied in this case.

Second, there is complete identity of the parties sufficient to bar re-litigation of Cicchiello's claims, as the SEIU, the lone Defendant named in the above-captioned matter,

---

[3] Indeed, another complaint filed by Cicchiello in this Court asserting many of these same claims against the SEIU and other parties that were named as defendants to Civil Action No. 1:15-cv-01201 was also dismissed pursuant to the doctrine of res judicata. (*Cicchiello v. SEIU 1199P Union*, Case No. 1:15-cv-01682, Doc. 33; Doc. 34). In his Order closing the case and adopting the undersigned's Report and Recommendation, Judge Jones explicitly found that "Plaintiff's federal and state labor law claims[, including claims against the SEIU] are . . . barred by the doctrine of res judicata . . . ." (*Cicchiello v. SEIU 1199P Union*, Case No. 1:15-cv-01682, Doc. 34).

was also named as a defendant in the previous suit. (*Cicchiello v. Wetzel*, No. 1:15-cv-01201, Doc. 13). This second element does not require the full roster of named defendants in each action to be identical. *See Coggins v. Carpenter*, 468 F. Supp. 270, 280 (E.D. Pa. 1979) ("Res judicata operates to bar a subsequent action . . . even though the subsequent action names fewer or more parties than the previous action."). Thus, the second *Lubrizol* requirement has also been satisfied in this case.

Finally, with respect to the third criterion, both suits assert the same causes of action. This analysis rests on "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." *Lubrizol*, 929 F.2d at 963 (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)). Moreover, res judicata bars not only claims that were actually brought in the previous action, but also claims that, "although not litigated, *could have been raised* in the earlier proceeding." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (emphasis in original). Here, it is beyond cavil that the third *Lubrizol* requirement is satisfied, as the facts upon which this lawsuit is based are the same upon which Cicchiello brought Civil Action Nos. 1:15-cv-01201 and 1:15-cv-01682. Indeed, in all three actions, Cicchiello asserts that the SEIU failed to properly advocate on her behalf and protect her rights based on the rescission of the Second Settlement Agreement.

Cicchiello thus is barred by the doctrine of res judicata from asserting this claim against the SEIU arising from the rescission of the Second Settlement Agreement, and it is

therefore recommended that her one-count complaint be dismissed.[4]

---

[4] Cicchiello does not specify whether her lone claim for breach of the duty of fair representation is asserted under state or federal law. In either event, however, her claim would also fail for lack of subject matter jurisdiction. Although Cicchiello did not include the DOC as a Defendant in her amended complaint, it is clear that Cicchiello's breach of duty of fair representation claim against the SEIU is inexorably intertwined with the SEIU's settlement negotiations with the DOC on Cicchiello's behalf. It is equally clear that the DOC is a state agency. 71 Pa. Cons. Stat. § 61(a). A plaintiff may bring a federal fair representation claim under the Labor Management Relations Act of 1947, 29 U.S.C. § 1985, "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . ." 29 U.S.C. § 185(a). However, the term "employer" does not include "any State or political subdivision thereof . . . ." 29 U.S.C. § 152(2). Accordingly, because the DOC is not an "employer," the SEIU is not a "labor organization" and therefore Cicchiello's claim does not fall within the ambit of the Labor Management Relations Act. *See* 29 U.S.C. § 152(5) (defining "labor organization" as "any organization of any kind . . . dealing with employers"); *Manfredi v. Hazleton City Auth., Water Dep't*, 793 F.2d 101, 104 & n.5 (3d Cir. 1986) (per curium). Furthermore, the fact that Cicchiello has amended her complaint to omit any claims against the DOC does not cure this jurisdictional bar, as the facts of her complaint still arise out of the settlement agreement negotiations between the SEIU and the DOC. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983) ("The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both."); *Williams v. United Transp. Union*, No. CIV.A. 96-1422, 1996 WL 355339, at *1 (E.D. Pa. June 25, 1996) (holding that federal court lacks jurisdiction over Labor Management Relations Act claim asserted solely against labor union where plaintiff was employed by the Southeastern Pennsylvania Transit Authority, a political subdivision).

This Court also lacks jurisdiction to consider Cicchiello's breach of the duty of fair representation claim if intended to be asserted under state law. Specifically, "Pennsylvania's Public Employee Relations Act does not provide union members with a cause of action against their bargaining agent." *Lape v. Pennsylvania*, 157 F. App'x 491, 497 n.5 (3d Cir. 2005) (not precedential) (citing *Casner v. AFSCME,* 658 A.2d 865, 869 (Pa. Commw. Ct. 1995)). To the extent that Cicchiello asserts her claim under common law, this Court does not have original subject matter jurisdiction over a state law claim for breach of duty of fair representation, and, pursuant to 28 U.S.C. § 1367(c)(3), would decline to exercise supplemental jurisdiction over it. *See Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").

IV. **LEAVE TO AMEND**

The Third Circuit has instructed that district courts generally must permit a curative amendment if a complaint is vulnerable to dismissal for failure to state a claim. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). However, "[a] district court properly refuses leave to amend if an amendment would be 'inequitable or futile.'" *Kitko v. Young*, 575 F. App'x 21, 27 (3d Cir. 2014) (quoting *Grayson*, 293 F.3d at 108), *cert. denied*, 135 S. Ct. 1403 (2015). In this case, it would be futile to allow Cicchiello to amend her claim against the SEIU, as the claim is clearly barred by the doctrine of res judicata.

Granting Cicchiello further leave to amend in this matter would also be inequitable. "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). Here, the Court finds that granting Cicchiello leave to further amend her complaint would be unduly prejudicial to the SEIU given that she has already asserted substantially identical claims in both federal and state court in her many previous lawsuits concerning these same events and allegations. *See Cicchiello v. SEIU 1199P Union, No.* 1:15-cv-01682 (M.D. Pa. Mar. 8, 2016); *Cicchiello v. Wetzel, No. 1:15-cv-01201* (M.D. Pa. Feb 2, 2016); *Cicchiello v. Beard*, 726 F. Supp. 2d 522 (M.D. Pa. 2010), *aff'd sub nom. Cicchiello v. Sec'y Pa. Dep't of Corr.*, 458 F. App'x 117 (3d Cir. 2012); *Cicchiello v. Dep't of Corr.*, No. 83 C.D. 2015, 2015 WL 5478333 (Pa. Commw. Ct. Aug. 5, 2015); *Cicchiello v, SEIU 1199P Union*, No. 361 MD 2015 (Pa. Commw. Ct. filed July 16, 2015).

Dismissal without leave to amend is therefore recommended.

V. **PLAINTIFF'S REMAINING MOTIONS**

As a final matter, the Court also addresses Cicchiello's motions to enforce the

Second Settlement Agreement (Doc. 2; Doc. 11); motions for sanctions and punitive damages (Doc. 3; Doc. 16), and motions for summary judgment (Doc. 10; Doc. 15). Because the Court recommends dismissal pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's motions should be denied as moot.[5]

The motions to enforce the Second Settlement Agreement should also be denied on sovereign immunity grounds. In interpreting the Eleventh Amendment, the Supreme Court has long "made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States."[6] *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). Moreover, "[b]ecause the [DOC] is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity." *Lavia v. Pa., Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (internal citation omitted).

Plaintiff seeks to enforce the Second Settlement Agreement against the DOC, a party to that agreement. "A settlement agreement is a contract, and a dispute over the settlement agreement is governed by state contract law." *Brass Smith, LLC v. RPI Indus., Inc.*, 827 F. Supp. 2d 377, 380 (D.N.J. 2011) (citing *Mortellite v. Novartis Crop Prot., Inc.*, 460 F.3d 483, 492 (3d Cir. 2006)). Under Pennsylvania law, "sovereign immunity extends into the contract arena, unless specifically waived by the General Assembly." *Sci. Games Int'l, Inc. v.*

---

[5] Cicchiello's first motion for summary judgment (Doc. 10), which was filed while Cicchiello was still proceeding on her original complaint, was rendered moot by the filing of her amended complaint on January 20, 2016 (Doc. 14). The remaining motions all go to the merits of her amended complaint, which the undersigned recommends dismissing under the doctrine res judicata.

[6] The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

*Com.*, 66 A.3d 740, 754 (2013) (emphasis omitted). The General Assembly provides for a limited waiver of contract claims asserted against the Commonwealth and its agencies, but provides the Board of Claims with exclusive jurisdiction to hear these contract claims. *Ezy Parks v. Larson*, 454 A.2d 928, 935 (1982) ("[T]he legislature inserted the word 'exclusive' to assure that only the Board should hear contractual matters involving the Commonwealth . . . ."). Accordingly, Cicchiello's motions to enforce the Second Settlement Agreement should also be dismissed because this Court lacks jurisdiction to review Cicchiello's contract claims against the DOC. (Doc. 2; Doc. 11).

## VI. Recommendation

Based on the foregoing, it is recommended that:

1. Plaintiff's single-count amended complaint asserting breach of duty of fair representation (Doc. 14) be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as barred by the doctrine of res judicata;

2. Plaintiff's motions to enforce the settlement agreement (Doc. 2; Doc. 11), motions for sanctions and punitive damages (Doc. 3; Doc. 16), and motions for summary judgment (Doc. 10; Doc. 15) each be **DENIED AS MOOT**;

3. Leave to amend be **DENIED**; and

4. The Clerk of Courts be directed to **CLOSE** this case.

BY THE COURT:

Dated: July 11, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOAN M. CICCHIELLO, | |
| Plaintiff, | CIVIL ACTION NO. 1:15-CV-02139 |
| v. | (JONES, J.) |
| | (MEHALCHICK, M.J.) |
| SERVICE EMPLOYEES INTERNATIONAL UNION, et al., | |
| Defendants. | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 11, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: July 11, 2016**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**